IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JOSHUA SCOTT, | ) |
| | ) |
|         Plaintiff, | ) |
| | )   No. CV-10-556-HU |
|   v. | ) |
| | ) |
| RECONTRUST COMPANY, | )   ORDER |
| | ) |
|         Defendant. | ) |

Joshua Scott
2757 NE Linden Avenue
Gresham, Oregon 97030

    Plaintiff Pro Se

Pilar C. French
LANE POWELL
601 S.W. Second Avenue, Suite 2100
Portland, Oregon 97204-3158

    Attorney for Defendant

BROWN, District Judge:

    Pro se plaintiff Joshua Scott brings this action against defendant ReconTrust Company. Defendant moves to dismiss for lack

1 - ORDER

of subject matter jurisdiction and failure to state a claim.[1]  I grant the motion.

## BACKGROUND

Plaintiff's Complaint is approximately seven pages, exclusive of several attachments.  It is somewhat difficult to discern the relevant facts and claims but to the extent possible, I recite them here.

The title of the document is as follows:  "Libel of Review," "common law counterclaim in admiralty - notice lis pendens and - - verified statement of right -," "Re: God-given unalienable rights in the original estate - Article III; Constitution."  Compl. at p. 1.

Plaintiff states that he makes a "restricted appearance" under

---

[1] Defendant requested oral argument on the motion.  In accordance with the Court's usual practice of granting such requests, oral argument before Judge Hubel was set for August 27, 2010.  In response to the motion, plaintiff filed a copy of the minute order setting oral argument, upon which he has written in red marking pen:  "Refusal for Cause."  (Dkt #10, p. 2.).  The cover letter accompanying this document, also docketed by the Court as part of plaintiff's response to the motion, requests that the Clerk of the Court "file this Refusal for cause into case jacket of Article III case CV 10 556 HU."  Id. at p. 1.  Plaintiff then writes that

> [m]y signature below expresses that I have kept a copy of the presentment, refusal for cause; with the original clerk instruction along with original presentment sent back to the District Court, refusal for cause sent in red ink by way of Registered mail within a few days of the presentment.

Id.

Upon review of the motion, its supporting memorandum, and plaintiff's response, the Court finds no need for oral argument and strikes the August 27, 2010 oral argument date.

2 - ORDER

"Rule E(8)." Id. He further states that defendant has been "making false claims and this counterclaim and notice lis pendens are now in the 'exclusive original cognizance' of the United States through the district court - see the First Judiciary Act of September 24, 1789, Chapter 20, page 77." Id.

As for jurisdiction in this court, plaintiff recites that in "international law and according to the law of the land, agents of a foreign principal are required to file any pretended claim in the appropriate district court prior to exercising rights to that claim." Id. He contends that district courts have "'exclusive original cognizance' of all inland seizures and this includes vessels in rem (Rule C(3)) such as trust organizations and legal names[.]" Id.

He later states that defendant, "acting as 'City METRO officer-Trustee/trust company - Bank of America agent/debt scavenger' *city* of Gresham, *District* of Columbia is a free agent of a foreign principal[.]" Id. at p. 2. He asserts that this Court has acquired "exclusive original cognizance of this counterclaim for the United States because this is a federal question - a Constitutional matter involving a man on the land complaining about theft and kidnap[.]" Id.

Under a section labeled "Cause of action," plaintiff states that "Joshua Scott has sent notice that they intend to sell Joshua Scott's home." Id. at p. 3 He states that this "presumption is erroneous and based upon endorsements of private credit from the Federal Reserve that have never been made in good faith." Id. He has repeated references to a "presentment" of some sort. Id. He also refers to a quitclaim deed, and two different loans initiated

3 - ORDER

for "the original $180,000."  Id.

The remaining allegations are nonsensical and irrelevant.

The attachments to the Complaint are (1) State of Oregon Modification Request Form bearing the property address of 2757 Northeast Linden Avenue, Gresham, Oregon 97030, and further showing defendant as the "Trustee," along with a loan number; (2) a notice of impending sale/foreclosure on property located at 2757 Northeast Linden Avenue, Gresham, Oregon 97030, with information regarding the amount due as of May 10, 2010, a sale date, and further information about what can be done to stop the sale; (3) a copy of 12 U.S.C. §§ 395, 411, 412 regarding federal reserve banks and federal reserve notes; (4) a copy of certain constitutional provisions or amendments from the state archives of the State of Colorado; (5) a copy of a December 9, 1968 Judgment and Decree regarding real property in the State of Minnesota; (6) a copy of a quitclaim deed dated May 13, 2010, made and entered into between Vicki Flynn and plaintiff in which Flynn "remises, releases, and forever quitclaims" to plaintiff all "right, title, interest, and claim" to property located at 2757 N.E. Linden Avenue, Gresham, Oregon 97030; and (7) a statement by plaintiff regarding certain bills, bearing serial numbers, which plaintiff states "have been redeemed lawful money by demand pursuant to Title 12 U.S.C. 411."

STANDARDS

I.  Subject Matter Jurisdiction

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject matter jurisdiction.  The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over his

4 - ORDER

claims. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

A Rule 12(b)(1) motion may attack the substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient. See Corrie v. Caterpillar, Inc., 503 F.3d 974, 979-80 (9th Cir. 2007) (court treats motion attacking substance of complaint's jurisdictional allegations as a Rule 12(b)(1) motion); Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1996) ("[U]nlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency[.]") (internal quotation omitted).

II. Failure to State a Claim

On a motion to dismiss, the court must review the sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. American Family Ass'n, Inc. v. City & County of San Francisco, 277 F.3d 1114, 1120 (9th Cir. 2002). However, the court need not accept conclusory allegations as truthful. Holden v Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992).

A motion to dismiss under Rule 12(b)(6) will be granted only if plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions and a formulaic recitation of the elements of a cause of action[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that

5 - ORDER

all the allegations in the complaint are true (even if doubtful in fact)[.]" Id. at 1965 (citations and internal quotations omitted).

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation and citation omitted). Additionally, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct."

## DISCUSSION

I. Subject Matter Jurisdiction

Defendant argues that plaintiff's attempt to invoke both admiralty and diversity jurisdiction must fail.[2] Federal courts are courts of limited jurisdiction. Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 998 (9th Cir. 2007). Federal jurisdiction may be based on diversity of citizenship or federal subject matter. 28 U.S.C. §§ 1331, 1332. Admiralty jurisdiction may be asserted under 28 U.S.C. § 1333.

A. Admiralty Jurisdiction

The admiralty jurisdiction of the federal courts is governed by 28 U.S.C. § 1333 which provides:

---

[2] Given the vague jurisdictional allegations, I address federal question jurisdiction, as well as diversity and admiralty.

6 - ORDER

> The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
>
> (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.
>
> (2) Any prize brought into the United States and all proceedings for the condemnation of property taken as prize.

28 U.S.C. § 1333.

In determining the boundaries of admiralty jurisdiction, the court looks to the purpose of the Congressional grant. Exxon Corp. v. Central Gulf Lines, Inc., 500 U.S. 603, 608 (1991). The fundamental interest giving rise to maritime jurisdiction is the protection of maritime commerce. Id.; see also Ventura Packers, Inc. v. F/V Jeanine Kathleen, 305 F.3d 913, 917 (9th Cir. 2002) ("Though not confined to vessels, admiralty naturally centers around them, as the great agents of maritime affairs.").

A fair reading of the Complaint indicates that the dispute concerns real property located in Oregon. This does not provide a basis for admiralty jurisdiction. See, e.g., Easton v. Crossland Mortgage Corp., 114 F.3d 979, 982 (9th Cir. 1997) (without more, foreclosures of real property under a non-judicial foreclosure process established by state law, do not give rise to a federal question cause of action); Stewart v. Mortgage Elec. Reg. Sys., Inc., No. CV-09-688-PK, 2010 WL 1054384, at *6 (D. Or. Feb. 10, 2010) (no factual or legal basis for admiralty jurisdiction in case where complaint concerned dispute over real property) (Findings & Recommendation adopted by Judge King, Mar. 19, 2010)

B.  Federal Question Jurisdiction

Federal district courts have "original jurisdiction of all

7 - ORDER

civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff makes no express allegation that this Court's jurisdiction is based on a federal question. There is no express assertion in the section of the Complaint reciting plaintiff's "Cause of Action," or anywhere else in the Complaint, of a claim arising under the Constitution or a treaty.

Additionally, plaintiff cites to no cognizable federal statute supporting a claim entitling him to relief. Thus, he fails to articulate a basis for federal question jurisdiction.

C.  Diversity Jurisdiction

A federal district court has subject matter jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, and the action is between citizens of different states. 28 U.S.C. § 1332.

"Diversity jurisdiction requires complete diversity between the parties-each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008). Here, although plaintiff does not expressly assert his citizenship for diversity jurisdiction purposes, a fair reading of his Complaint indicates that he lives in Gresham, Oregon. I assume, for the purposes of this motion and for assessing diversity jurisdiction, that plaintiff is a citizen of Oregon.

Plaintiff fails to affirmatively allege the state of incorporation and principal place of business of defendant. 28 U.S.C. § 1332(c)(1) (corporation deemed to be citizen of any state by which it has been incorporated and of the state where it has its

8 - ORDER

principal place of business). He also fails to indicate the alleged amount in controversy.

The allegations in plaintiff's Complaint do not reveal the basis for federal question jurisdiction, diversity jurisdiction, or admiralty jurisdiction. Rather, a fair reading of the Complaint indicates that the dispute concerns a foreclosure of real property located in Oregon, a process typically governed by state law. See Or. Rev. Stat. §§ (O.R.S.) 86.705 - 86.990 (Oregon Trust Deed Act). Accordingly, the Complaint must be dismissed for want of federal jurisdiction. Blackburn v. United States, 100 F.3d 1426, 1436 (9th Cir. 1996) (subject matter jurisdiction is a threshold issue, in the absence of which the court cannot proceed to hear other issues).

II. Failure to State a Claim

Under Federal Rule of Civil Procedure 8, the Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). This "notice pleading" system requires that the Complaint give "'the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Walsh v. Nevada Dep't of Human Resources, 471 F.3d 1033, 1036 (9th Cir. 2006) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

"[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949 (2009) (internal quotation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. . . .

9 - ORDER

Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. (internal quotation omitted).

As stated above, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (internal quotation and citation omitted). Additionally, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct."

Here, defendant argues that the Complaint fails to meet Rule 8's requirements.  I agree.  The Complaint, even when examined under liberal standards afforded to pro se plaintiffs, fails to identify a cognizable claim and does not reveal the type of relief plaintiff seeks.  There is no basis upon which the court may infer misconduct by defendant.  Rather, the Complaint is a jumble of "naked assertions" which are, for the most part, nonsensical assertions of legal propositions which fail to show that plaintiff is entitled to relief.

## CONCLUSION

Defendant's motion to dismiss [5] is granted. Plaintiff is granted leave to file an amended complaint which complies with Rule 8 and contains a short and plain statement articulating the basis of federal court jurisdiction, and contains a short and plain statement of his claims showing that he is entitled to relief. Such statements must meet the threshold ///////////////////////

10 - ORDER

requirements of <u>Iqbal</u> as described above.  Any such amended complaint is due within thirty days of the date of this Order.

Plaintiff is advised that failure to file an amended complaint shall result in the dismissal of this proceeding with prejudice.

IT IS SO ORDERED.

Dated this  23rd   day of  July , 2010.

/s/ Anna J. Brown

_____
Anna J. Brown
United States District Judge

11 - ORDER